IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCUS JAMES SMITH, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:04-cv-01442-JKS-GGH-P |
| | ) | |
| vs. | ) | |
| | ) | |
| CLAUDE E. FINN, Warden, | ) | DECISION |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner proceeding *pro se*, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the Honorable Gregory G. Hollows, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

On January 25, 2007, the Magistrate Judge filed findings and recommendations herein, which were served on all parties, and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days. Smith filed his objections on February 6, 2007. The State did not reply.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of the record and exercised its independent judgment. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported

---

[1] Smith, who is proceeding *pro se,* did not in fact file "objections" addressing the Magistrate Judge's findings and recommendations in an effort to show that controlling case law was overlooked or material facts ignored. Rather, Smith just objected to the ultimate conclusion to deny his petition. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991) (failure to timely object to Magistrate Judge's findings of fact and recommendations may forfeit right to appeal).

1

by the record and in conformity with controlling law. *See Irons v. Carey*, ___ F.3d ___, 2007 WL 2027359 (9th Cir. July 13, 2007). *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123 (9th Cir. 2006). The Court therefore adopts the findings and accepts the recommendations.

    Smith was convicted of one count of murder in the second degree in 1983 and received a sentence of fifteen years to life pursuant to a plea bargain. The Board has denied him a parole date once before the instant denial on August 15, 2002. Since that time, Smith has been before the Board twice, and each time has been denied a parole date. *See* pending habeas petitions, *Smith v. Finn*, 2:05-cv-02601 (E.D. Cal.) (challenging denial of parole August 2003); and *Smith v. Finn*, 2:06-cv-00828 (E.D. Cal.) (challenging denial of parole April 2005). Judge Hollows is correct that the issue in this case is whether Smith has been denied, substantive and procedural, due process by the Board's determination that he is not suitable for parole. If he prevailed, he would not be entitled to parole, he would simply be entitled to another hearing, presumably absent whatever errors previously were found to have occurred. Thus, there is a strong argument that this case is moot.

    The troubling question is whether in cases such as this, where a person is denied a parole date in successive years, seeks habeas in each year, but a decision on the first petition is delayed for a number of years, should the Court not exercise its discretion to consolidate all of the pending petitions in order to meaningfully apply the reasoning of *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003)?

    Dismissal of a petition for habeas corpus is not automatically appealable. 28 U.S.C. § 2253. To appeal, an aggrieved litigant must obtain a certificate of appealability. To do so he must make a substantial showing of the denial of a constitutional right. In other words, he must show that reasonable jurists could debate whether, or conclude that, the petition should have been resolved in

a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Williams v. Woodford,* 384 F.3d 567 (9th Cir. 2004); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

It appears that *Irons* and *Sass* control this case.  Smith will have the opportunity to raise issues based upon *Biggs* in connection with his petitions currently pending, which are not affected by this decision.  The Court therefore declines to grant a certificate of appealability.

**IT IS THEREFORE ORDERED:**

1. The findings and recommendations filed January 25, 2007, are adopted in full; and

2. Petitioner's application for a writ of habeas corpus is DENIED.

3. The clerk shall enter judgment dismissing the petition with prejudice.

4. The Court has considered whether to issue a certificate of appealability as to one or more issues and concludes that, as to all of petitioner's claims, there has been no showing of the denial of a constitutional right.  28 U.S.C. § 2253(C).  No certificate of appealability will therefore be issued.  The judgment shall reflect that no certificate will be issued.

Dated: October 25, 2007.

    /s/James K. Singleton, Jr.
James K. Singleton, Jr.
United States District Judge